FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

2009 MAY 15 A 10: 02

DISTRICT OF UTAH

BY:_____
        DEPUTY CLERK

| | | |
|---|---|---|
| ROBERT JOSEPH ZANI, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:09-CV-42 CW |
| | ) | |
| v. | ) | District Judge Clark Waddoups |
| | ) | |
| U.S. MARSHALS SERVICE et al., | ) | **MEMORANDUM DECISION** |
| | ) | |
| Respondents. | ) | Magistrate Judge Samuel Alba |

Petitioner, Robert Joseph Zani, an inmate at the Michael Unit, a correctional facility in Tennessee Colony, Texas, has filed a § 2241 habeas corpus petition. *See* 28 U.S.C.S. § 2241 (2009). A § 2241 petition "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (internal citation omitted). The petition states Petitioner is incarcerated in Texas, while this petition was filed in Utah. This Court consequently lacks jurisdiction over this petition.

"Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action 'if the transfer is in the interest of justice.'" *Haugh v. Booker*, 210 F.3d 1147, 1150

(10th Cir. 2000) (citation omitted).  Even so, "a court is authorized [first] to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."  *Id.* (internal quotation marks omitted & alteration in original).  This Court's quick review of the merits reveals that Petitioner's claims are very likely doomed as fantastic and possibly delusional.  Thus, the Court declines to transfer the petition.

IT IS THEREFORE ORDERED that this petition is DISMISSED without prejudice to Petitioner reasserting it in the proper forum.

DATED this __14th__ day of May, 2009.

BY THE COURT:

CLARK WADDOUPS
United States District Judge

2